My name is Adam Olszewski. I'm here today representing my client, the appellant, Adam Ruessler. Mr. Ruessler is a veteran, a long-term boilermaker, and a fully vested participant in the union pension plan at issue here today. In 2015, Mr. Ruessler became physically disabled and unable to perform the job duties that he had done for many years. At that time, Mr. Ruessler applied for Social Security Disability Benefits with the Social Security Administration. And that date, as well as that application, is important to this case because the plan at issue defers all judgments about a beneficiary's disability to the Social Security Administration. A little over two years later, in 2017, Mr. Ruessler learned that the pension trust had amended the plan document for the purpose of preserving the financial health and longevity of the plan, with the consequential effect of diminishing the disability benefit available to beneficiaries like himself. At that time, even though he had not yet received a decision from Social Security Administration, Mr. Ruessler applied for the disability benefit available. 180 days after that application, the pension trustees denied his application, the stated reason being he had not submitted Social Security's determination regarding his disability. In January of 2018 is when they notified him of that denial, and as part of that, they appraised him of his right to appeal that denial. That appeal comes from the plan document, and it's also required by ERISA, the governing law in this case. In February of 2018, Mr. Ruessler appealed their decision to deny his benefit. In March 2018, Mr. Ruessler received evidence that the Social Security Administration had, one, found he was disabled, two, that he'd been disabled since 2015, and three, was going to be eligible for disability benefits. Mr. Ruessler, as he was entitled to do, submitted that evidence to the trustees as part of his appeal. Ultimately, the plan trustees denied his appeal. The stated reason for that denial was, and I'm quoting from the letter which is in the record at page 199, the specific reason your appeal was denied is because you applied for a disability pension with a filing date of July 17, 2017, and failed to provide a copy of your Social Security Disability Notice of Award within that 180-day initial benefit determination. That justification for denying Mr. Ruessler's benefit was unreasonable. It was unreasonable because it ignored the rights that Mr. Ruessler had under the plan document to submit new evidence during the appeal, the requirement that the plan trustees then must determine the claim anew while considering all evidence submitted during the appeal. This reason... Just wasn't submission of the Notice of Award a requisite requirement of the process? Yes, Your Honor, it was, and I presume you're alluding to the fact that Mr. Ruessler did not submit the Notice of Award. The Notice of Decision that Mr. Ruessler did submit established his right to Social Security Disability benefits. Whether or not Mr. Ruessler submitted the Notice of Award as part of his appeal was not addressed by the denial of the Boilermakers. Because it wasn't addressed, it's not before the court because the court is limited to a reasonableness determination to decide whether the reason they gave for denying his claim was there. So, Counselor, what if it's unreasonable? What happens? Isn't it undisputed that he did not submit the Notice of Award which was required to be submitted during the pendency of the appeal? Am I right about that? Yes, Your Honor, you're right. So, as a practical matter, where does your argument get your client? Your Honor, my argument... The proper remedy would be a remand back to the plan trustees to consider all of the evidence that was or could have been submitted. I will address it further down in my argument about the requirement that the plan trustee had to tell him and notify my client that he hadn't submitted the right document. But the proper remedy here is a remand bound to the trustees with the full and fair review that ERISA entitles him and the plan document retires him to. There are specific rights that are outlined both by the plan and by ERISA that establish that Mr. Ruessler, if he gets new evidence while the appeal is pending, he can submit that. I'm sorry to interrupt, but is there any way to go back in time on this? I mean, that time period has passed, and as I understand the documents, he had a full right to submit additional information. They look at it anew on the appellate process. But again, maybe I'm pushing in the wrong part of your argument. Maybe you're telling me that you need the fiduciary duty violation in order to get back to the board for any kind of success for your client. Is that your point? No, Your Honor, I don't think it is. I think you're right in considering that we can't put the jack back in the box. They've already denied, he's already been awarded social security disability benefits. The evidence has been done there. I think we already know the outcome if they do, if we do go back, because he would submit the notice of award. The notice of award would say, hey, you're entitled to benefits as of the day you applied for disability pension benefits, and you get this annuity starting date. I think the proper remedy is a remand with instructions to the plan administrator, the trustees in this part. But the court does not necessarily have to do that because it is a foregone conclusion as to what it would be. If the plan had, one, done what it was supposed to do and notified Mr. Rissler of his error, and he had submitted the notice of award like he should have, and the plan trustees had, instead of relying on what happened in the 180-day benefit determination period, but decided his claim anew, he would have been entitled to benefits. So, yes, I do think the proper remedy is a remand with instructions. I don't think that needs to be done necessarily because the result should be that Mr. Rissler is entitled to benefits. Well, I thought that there are several letters from the trust to Mr. Rissler, and, I mean, each one of them says, sets forth the reason that there was a denial, and that was he failed to submit the notice of award from the Social Security Administration. So what would be the, I'm not following what more you think that they should have done when they sent, I think, five separate letters telling him this is what you need to do. Your Honor, I think it comes down to what the standard of review is in this case. It's an abuse of discretion, or I'm making the argument a modified abuse of discretion case. The stated reason that the plan trustees denied Mr. Rissler for does not permit Mr. Rissler, and it's been their position through the litigation of this case, that Mr. Rissler is not permitted to submit necessary documents during the appeal. The specific language in their denial of both the initial application and the appeal was, hey, you didn't get this to us within the 180 days. Under the Finley factors, this Court's standard of reviewing the reasonableness of the interpretation of plan documents, that violates all five of the standards. Principally, it makes meaningless the right to submit documents. It creates conflicted or inconsistent outcomes. The trustee's 30B6 witness testified that she wouldn't know what would have happened if Mr. Rissler had submitted the notice of award during the appeal. Counsel, are you saying that the Finley test supersedes the 180-day requirement? I think if the 188-day requirement, as stated in the plan, is applied through the Finley test, it doesn't create this requirement that all material documents are submitted within the 180 days. It's section 10.01C of the plan, Your Honor, and all that section of the document says is the pension trust must make a decision within 90 plus 90 or 180 days of the application. That's consistent with ERISA. Neither that or the corresponding ERISA regulations or statutes have anything to do with the appeal. The only way that the meaning that the Boilermakers are giving that provision can be true is if words are read into it or other words are taken out of 10.01G, which is the right to an appeal. I can't get around the fact that Mr. Rissler, a pro se plaintiff, didn't submit the right document. Can I follow up there? Maybe I should wait for you to say your but. Forgive me if I didn't understand your last answer, but I'm still a little confused about what your client would receive upon a remand with or without instructions that he isn't getting now. Can you be very specific in the kind of relief that you think this court can give or at least a ruling that we can give that would open up relief for your client? I can, Your Honor, very easily. When the plan admitted, approved, and enacted Amendment 4, it cut significantly. I don't have the exact percentage, but it significantly reduced the disability pension benefit. Because he was denied the application and his appeal was denied, he's no longer entitled to a pre-Amendment 4 rate of benefit. Because he had to reapply after, he's entitled to a much smaller amount of the disability benefit. Is that after October 17th or something? Is that the date? Correct, Your Honor. Alright, so you're saying you want to get him back to that pre-Amendment 4 world, but how do you get there if he never submitted the notice of award during the appeal process? I think that's my speed bump here. No, and it's a reasonable one, Your Honor, and that was going to beat my butt. I believe, and I think the law very specifically says, in order for that to be a justification for the denial, the pension trust had to include it in their denial letter. They had to say, you didn't do it during the 180 days and you didn't do it during the appeal period. They didn't consider anything, including his right to submit it in the appeal period at all in their denial. Because they didn't do it, their determination to deny him was not reasonable, and this Court and the District Court are precluded from considering what Mr. Rissler did or did not do. In order to do so, they would have to make, as the judge did here incorrectly, make a completely new determination and basis for the denial. Did that make sense? Yeah, and I think I understand that, and then my sort of maybe follow-up question is, and does that then open the door for your client to be getting, or how does that then open the door for your client to be getting pre-Amendment 4 benefit rates? Because, so this gets into, these are great questions. This gets into the fact that what should have happened during the appeal. If he had put that in there and the plan had the notice of award and it said you were disabled to 2015, they should have, because the plan explicitly requires them to decide the plan anew, the application anew. He should have been awarded the benefit as of the annuity starting date for when his application was, which is pre-Amendment 4 starting date. I see I've gone very far into my rebuttal time. If the Court doesn't have any other questions, I'd like to reserve the remaining time. All right. Thank you. You may do so. Thank you. All right. Counsel, you may proceed when you're ready. Thank you, Your Honor. May it please the Court, my name is Richard Tucker. I'm counsel for the Appellee, the Boilermaker Blacksmith National Pension Trust. Plaintiff has argued in this case that the District Court applied the wrong standard of review. He suggests that there's a need to apply a modified abuse of discretion standard rather than the regular abuse of discretion standard that the District Court found to be appropriate. We obviously agree with the District Court that the regular abuse of standard, abuse of discretion standard is the appropriate standard to apply. But quite frankly, Your Honors, in this case, it really doesn't make any difference because any abuse of standard, abuse of discretion standard that is applied is going to require that the Board's decision be upheld. This is not a complicated case. It's a straightforward denial of benefits case decided on undisputed facts and clear language in the Pension Trust. Section 4.09 of the Pension Trust requires that any applicant for disability benefits have first been awarded Social Security disability benefits. Accordingly, the plan specifically requires that any application for disability benefits include a notice of an award from the Social Security Administration of disability benefits. That was not done in this case at any time ever. Counsel, Mr. Olszewski says that the actual determination didn't specifically mention the failure to submit the notice of award. Does it need to? And if not, why not? I'm sorry, Your Honor, I didn't hear that. The actual determination, the argument from the other side is that the actual notice or the determination did not specifically mention the failure to submit the notice of award. Failure to, yeah, the determination of the Board specifically did say that it was because he failed to submit the notice of award, which is an absolute requirement for eligibility for social, for pension fund disability benefits. And that's what the Board. But doesn't he also have an absolute, I guess, right or opportunity to submit it during dependency of the appeal? But Your Honor, that issue isn't even before the court in this case. He didn't. But why isn't it? Because the district court relied on that in concluding that Mr. Risler didn't have a case, relied on a reason that the Board or the trust did not offer for denying his appeal. Now, all that the district court did was say that this issue did not come up before the Board. And it didn't. It never came up. Let me make sure we're talking about the same thing. As I understand it, the Board said deny because you didn't submit the notice of award within 180 days of your submission, July 17th. Is that fair? That's fair, yes. And then the district court said, yeah, Mr. Risler, your case here has no merit because not only did that happen, but you also didn't submit it during the dependency of the appeal. And that portion of it is not what the Board said. Am I correct? So that district court added that reasoning on for why it denied or dismissed his case? But the Board didn't address that because it wasn't before it. There hadn't been anything submitted to the Board that would indicate it needed to decide whether an additional late, what we would call a late submitted notice of award should be considered and entitled the plaintiff to any relief. In effect, what the plaintiff is asking this court to do is to decide a hypothetical that doesn't exist. This court doesn't have to make a determination as to whether or not the submission of a late notice of award would change the result because it didn't happen. It just never happened. When you say late, you mean after the 180 days but within the appeal period? I'm sorry? So it would be time, when you say a late notice of award submission, are you using late in the sense that it's late for the first initial 180 days, but it would be timely during the appeal process? No, we're not agreeing that it would be timely if it was submitted during the appeal process. That issue doesn't have to be decided. It wasn't. Let me just make sure I understand the plan. The plan permits him to submit documents and the Board reviews it anew, correct? So let's go into the hypothetical world. Someone could submit, like, oh, I just got this now and I'm submitting it during the appeal process. Is that something that can happen? He could submit something that happened during the appeal process if he wanted to, and then it would be up to the Board to decide whether or not that submission required a different result than what had been generated by the Board. But it just didn't happen. The Board did not have before it a notice of award from the Social Security Administration. Therefore, they could not have been considering that award. They didn't have to comment on it at all. It wasn't there. It's all hypothetical. Well, does the plan provide that an applicant can cure a defect during the appeal period? No. That's not what the plan provides. The plan provides that the applicant can submit additional documents that the Board can review and perhaps decide anew based on those documents. But that didn't happen here. It really didn't. They didn't submit anything before the Board that resulted in a need to review something else. Now, eventually, the appellant filed a new application, submitted the notice of award, and began receiving benefits, correct? In 2020, the appellant reapplied, and actually what he applied for was early retirement benefits, because at that time he was eligible for early retirement benefits rather than disability benefits. And the early retirement benefits, he started out in 2020 applying for a disability benefit, but the pension plan pointed out to him that he'd get more benefits if he applied for early retirement. And so that's what he did. That was granted, and he began receiving the early retirement benefits. And the notice of award was irrelevant? It was totally irrelevant. That's correct, Your Honor. But do you agree that because of a plan change, he's receiving less than if his disability application had been? Yes. Amendment 4 reduced the benefits that you would receive for disability. And actually, by getting early retirement, he's also getting a reduced amount. Before Amendment 4, he would have gotten the amount as though he were age 65, which would be called a full benefit. But he is now getting early retirement benefits from the fund. And as you say, the notice of award has no impact on that at all. It's simply, this is just a simple case where the plan required that something be submitted, and it was not. It was not submitted at any time. If it had been submitted during the appeal, we might have, we'd be having a different argument up here. But it wasn't submitted during the appeal process. It was never submitted at that time. The board didn't have to consider it because it wasn't there. And therefore, what the board did was uphold the denial of the application because that was all that was before it. Am I wrong that Mr. Whistler, didn't he submit some materials during the pendency of the appeal process? Like the notice of decision, maybe? He submitted a notice of decision, which is clear the district court correctly found was not a notice of award. And in fact, it was nothing more than really a preliminary opinion because if you read the notice of decision, it says another office will process my decision. That office may ask you for more information. He went on to say that the appeals council of Social Security Administration may review my decision even if no one appeals. But the board didn't address those. You were saying there's nothing in front of the board to address. But there was something, but you're saying they didn't comment on that either to say, and what you've submitted during the appeal process is not sufficient to, to use Judge Shepard's word, cure what ailed your first application. And I might point out that plaintiff didn't think that this notice of decision was a notice of award. If you take a look at his appeal letter to which he attached the notice of decision, you would think that if he was claiming the notice of decision was in fact a notice of award, his appeal letter would have said, here's my notice of award. It doesn't. Quite the contrary. What he ends up saying in his notice of, I'm sorry, in his appeal letter is just the opposite. He's complaining about the, he's complaining that the process is out of his control because it's the Social Security Administration. He says that being totally out of my control, who was unable to receive any information or notices before that date, being the deadline they were talking about. The final sentence of his letter says, if awarded, it will be backdated to January 27th. If awarded, he's acknowledging that this is not a notice of award by saying if awarded. That was something to come in the future. It wasn't this notice because he specifically did not, he did not refer to it as the basis of his appeal that he now met all of the requirements under this particular plan requirements. The plan requirements clearly required a notice of award and that never was supplied to the board or to the administrators who were deciding whether or not he was entitled initially based on his application. I have very little time left. I would like to address briefly the breach of fiduciary duty claims because I, but I can see I'm not going to be able to get through that. But basically he said that he was unaware, that we had a duty not to remain silent if we were aware that the participant was operating under some material misunderstanding. And he claims that we should have advised him that they were, that he had a right to reapply and also to appeal. And I think we did submit a letter on April 26th. I would ask the court to take a look at that because it basically says that you have a right to reapply in the event that your decision is unfavorable. Well, that means that by reapplying he wasn't terminating or barring his appeal. It indicates that the court was going to, that the, I'm sorry, that the board was going to go ahead and decide the appeal and the merits. And I'm sorry that I seem to have run out of time here. I would ask simply that the court affirm the district court's opinion upholding the board's decision. And if any of you have any specific questions, I'd be glad to answer them. But my time is up otherwise. All right. Thank you, counsel. Thank you. May I proceed? You may proceed. Just real quick, I'd like to address three areas that were discussed. First, a factual dispute here. My client appealed his letter, sent in his letter of appeal before he received the notice of decision. That's why it's worded the way it was. The notice of decision was submitted, I believe, a week later. So the reliance and the language that counsel was just relying on is misplaced. Second, both the plan and ERISA provide for a right to perfect defective applications. I direct the court to Section 10.01D of the plan document, and the ERISA regulations specifically provide for that right, too. That's the whole purpose of the appeal, and that's why the court has the standard that it does. It's part of the bargain that was bargained for. The companies have a chance to review it and correct deficiencies. If they shuck that responsibility and we bring this, the court doesn't get to make a decision based off of what's in the evidence. They just get to review for reasonableness. Because of that, that's why the appeal exists, and that's why my client had a right to submit the notice of award. That plan provision was complied with, wasn't it? The plan advised what was necessary to perfect the application. I agree with that, Your Honor. I think they failed to consider the fact that Mr. Rissler then had a right to submit that during the appeal because the reason for their- But where is that in the plan? So 10.01G, subsections A, I think it's A, it's the first one and then the last two. The claimant has the right to submit new evidence, documents, whatever, and then the plan trustees have to consider it and then they have to decide to claim anew. And their reason for denying the appeal does not consider that right, and that's why this is unreasonable. And I think a remand with instructions to the plan trustees to consider the rights of the appeal is what's appropriate here. Alternatively, since the outcome is all but known, the court could decide that. My time is up. If the court has any other questions, I'm more than happy to answer them. Otherwise, I thank you for your time. Okay. I think there are no further questions. Thank you, counsel. Thank you. All right, the case is submitted. The court will render a decision in due course. Counsel, you may stand aside.